IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 3:08cr27/LAC

ROBERT L. IGNASIAK,

_____/

**O R D E R**

Before the Court are Defendant's Motions to Dismiss for Failing to Allege an Essential Element (Doc. 58), to Dismiss Because the Standard of Care Is Unconstitutionally Vague or Too Uncertain (Doc. 67), to Strike Misstatements of the Law from the Indictment (Doc. 68), and for Bill of Particulars (Doc. 69).

The common thread running through these motions is Defendant's argument that the standard of medical care underlying an element of the crime is ill-defined or too imprecise to provide proper notice and impairs his ability to provide an effective defense. As the Eleventh Circuit has made clear, however, the appropriate standard is whether the physician prescribed medicine "in accordance with a standard of medical practice generally recognized and accepted in the United States." *United States v. Merrill*, 513 F.3d 1293, 1306 (11th Cir. 2008) (quoting *United States v. Williams*, 445 F.3d 1302, 1309 (11th Cir. 2006), *abrogated*

*on other grounds*, *United States v. Lewis*, 492 F.3d 1219 (11th Cir. 2007) (en banc) and *United States v. Moore*, 423 U.S. 122, 139, 96 S.Ct. 335, 46 L.Ed.2d 333 (1975)). The Court finds that the indictment sufficiently comports with this standard.

Thus, since the indictment appropriately tracks the elements of the charges as outlined in the relevant statutes, Defendant's challenge on vagueness or "uncertainty" grounds is unavailing. Such challenges have been previously rejected. *See United States v. Collier*, 478 F. 2d 268, 271 (5th Cir. 1973); *United States v. Hayes*, 595 F. 2d 258, 259 (5th Cir. 1979). Likewise, Defendant's claim that the government failed to allege an essential element of the crime is without merit. The Eleventh Circuit has rejected this argument as well. *See United States v. Steele*, 147 F.3d 1316, 1320 (11th Cir. 1998). Third, Defendant's allegation that the indictment contains misstatements of the law is without merit. While Defendant may claim that his conduct did not meet the necessary criminal standard, or that situations exist whereby actions he allegedly took might be medically proper, this does not contravene the allegations in the indictment that his conduct was indeed criminal. Last, Defendant's motion for a bill of particulars is denied as it seeks particularity in the aforementioned standard of medical care that is not required of the indictment. The Court finds that the allegations of the indictment sufficiently afford the Defendant an opportunity to prepare a defense.

Accordingly, it is **ORDERED:**

1. Defendant's Motions to Dismiss for Failing to Allege an Essential Element (Doc. 58), to Dismiss Because the Standard of Care Is Unconstitutionally Vague or Too Uncertain

(Doc. 67), to Strike Misstatements of the Law from the Indictment (Doc. 68), and for Bill of Particulars (Doc. 69) are **DENIED**.

      **ORDERED** on this 15th day of August, 2008.

                                                   s/*L.A. Collier*
                                                   Lacey A. Collier
                                        Senior United States District Judge