**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA,

v.  Case No. 3:08cr27/LAC

ROBERT L. IGNASIAK,

_____/

**O R D E R**

Before the Court is Defendant's motion to compel expert reports (doc. 89) and the Government's response thereto (doc. 97) which includes a motion to strike.

Defendant identifies one expert report, known to have been prepared by a Dr. Ted Parran, regarding the causes of death of various individuals. The Government responds, correctly, that the Court did in fact receive this report *in camera* and redacted it in its entirety. The Court found the report to wholly consist of the expert's opinions and the bases and reasons for those opinions. Thus, the report is properly discoverable only through a request made pursuant to Fed. R. Crim. P. 16(a)(1)(G).

Defendant also identifies four other experts who may provide testimony, but the Government states there are no further reports that would be discoverable as the "results or reports of any physical or mental examination and of any scientific test of experiment" under Fed. R. Crim. P. 16(a)(1)(F).

The Defendant cites a handful of cases to argue that he should be allowed to discover all "expert reports" through subsection (F). The Court does not find these cases to support this proposition. As the title of each subsection indicates, Subsection (F) concerns "Reports of Examinations of Tests," while subsection (G) involves "Expert Witnesses." While Subsection (F) allows for the discovery of the actual results of tests in factual or data form, any expert opinions or interpretations derived from the results are the province of subsection (G). To find otherwise would be to nearly eliminate the need for a Subsection (G) since there would be no need for a summary of an expert's opinion when the complete "expert report" would be discoverable under Subsection (F). Parties would find themselves in the position of instructing their expert witnesses to *not* create reports for fear of having to turn them over to the opposite side, the very type of situation that Subsection (G) was arguably created to alleviate. *See* Fed. R. Crim. P. 16 (commentary to the 1993 amendment). As well, the Court may find itself in the intractable position of determining what is a summary versus a full-fledged report (bearing in mind that a summary is, after all, a type of report).

The Court finds that the clear intent of these two subsections, when read in tandem, is for all empirical results of examinations and tests to be discoverable under Subsection (F)

and for all expert "opinions" and "the bases and reasons for those opinions" to be discoverable under Subsection (G).

Accordingly, it is **ORDERED:**

1. Defendant's motion to compel expert reports (doc. 89) is **DENIED**.

2. The Government's motion to strike (doc. 97) is **DENIED**.

**ORDERED** on this 26th day of September, 2008.

s/*L.A. Collier*
Lacey A. Collier
Senior United States District Judge
