**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA,

v.  Case No. 3:08cr27/LAC

ROBERT L. IGNASIAK,

_____/

**O R D E R**

This Cause is before the Court on the matter of restitution, the Court having held a hearing on the matter on April 9, 2009.

Regarding the matter of whether any restitution amounts are payable to the victims in this case, 18 U.S.C. § 3663A(3) provides that restitution need not be provided "if the court finds, from facts on the record, that (A) the number of identifiable victims is so large as to make restitution impracticable; or (B) determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process." The Court finds this case to be unduly burdensome, given the necessity of determining on a case-by-case basis, whether each of the hundreds of prescriptions that

were written was for a legitimate medical purpose. Further, it was evident from the hearing that the parties were not prepared to undergo that task, and while the Government suggested that statistical sampling and analysis might be used to approximate the amount of restitution, this approach has been rejected. *See United States v. Chube II*, 538 F. 3d 693, 703-06 (7th Cir. 2008).[1]

Accordingly, it is **ORDERED:**

1. Restitution pursuant to 18 U.S.C. § 3663A is **DENIED** in this case.

**ORDERED** on this 13th day of April, 2009.

                                     s/*L.A. Collier*
                                       Lacey A. Collier
                                 Senior United States District Judge

---

[1] Moreover, it bears noting that the what evidence the Government did present was insufficient to establish a reliable statistical sample. The Government relied on the expert testimony that was proffered at trial that the Defendant's prescriptions for pain medication exceeded the professional norm by 75% as a way to show that Defendant on the whole was prescribing these medications when they were not medically necessary. During the restitution hearing, the Government attempted to use this figure to establish that 75% of Defendant's prescriptions were without medical purpose and therefore subject to restitution. Simply stated, that Defendant's practice exceeded the norm by 75% does not establish that 75% of Defendant's prescriptions were medically unfounded. The two numbers are not transmutable in this manner.