*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*      Page 1 of 9
*3:08cr27-001LAC - ROBERT L. IGNASIAK, JR.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

-vs-                              Case # 3:08cr27-001LAC

**ROBERT L. IGNASIAK, JR.**

USM # 06952-017

**Defendant's Attorney:**
**Roy Black (Retained)**
**Jacqueline Perczek (Retained)**
**201 South Biscayne Boulevard, Suite 1300**
**Miami, Florida 33131**

**Mark Seiden (Retained)**
**777 Brickell Avenue, Suite 400**
**Miami, Florida 33131-2812**

**Barry Beroset (Retained)**
**1622 North 9th Avenue**
**Pensacola, Florida 32503**

_____

## AMENDED JUDGMENT IN A CRIMINAL CASE

**Date of Original Judgment: February 3, 2009**
**Reason for Amendment: Modification of Restitution Order**

The defendant was found guilty on Counts 1-4,7-16,18,21-29,31-34,36-40,44-50,52-54 of the Indictment on November 3, 2008. Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such counts which involve the following offenses:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNTS |
|---|---|---|---|
| 18 U.S.C. § 1347 | Health Care Fraud | 12/14/05 | 1, 2, 3, 4, 7, 8, 9, 10, 11, 12, 13, 14 |
| 21 U.S.C. § 841(a)(1), and (b)(1)(C) | Unlawfully Dispensing a Quantity of Hydrocodone and Diazepam | 06/10/04 | 15, 16, 25, 27, 37 |
| 21 U.S.C. § 841(a)(1), and (b)(1)(C) | Unlawfully Dispensing a Quantity of Hydrocodone, Diazepam, and Clonazepam | 04/28/03 | 18 |
| 21 U.S.C. § 841(a)(1), and (b)(1)(C) | Unlawfully Dispensing a Quantity of Hydrocodone | 06/24/04 | 21, 39 |
| 21 U.S.C. § 841(a)(1), | Unlawfully Dispensing a Quantity | 12/02/03 | 22, 23, 26, 29 |

Case 3:08-cr-00027-LC-EMT   Document 259   Filed 04/27/09   Page 2 of 9

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case                                  Page 2 of 9
3:08cr27-001LAC - ROBERT L. IGNASIAK, JR.

and (b)(1)(C)               of Hydrocodone and Alprazolam

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNTS |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1), and (b)(1)(C) | Unlawfully Dispensing a Quantity of Phentermine | 06/23/03 | 24 |
| 21 U.S.C. § 841(a)(1), and (b)(1)(C) | Unlawfully Dispensing a Quantity of Hydrocodone, Diazepam, Clonazepam, and Morphine, Resulting in Death | 09/03/03 | 28 |
| 21 U.S.C. § 841(a)(1), and (b)(1)(C) | Unlawfully Dispensing a Quantity of Fentanyl, Diazepam, and Carisoprodol | 10/14/04 | 31, 33, 40, 45 |
| 21 U.S.C. § 841(a)(1), and (b)(1)(C) | Unlawfully Dispensing a Quantity of Hydrocodone and Lorazepam | 03/02/04 | 32 |
| 21 U.S.C. § 841(a)(1), and (b)(1)(C) | Unlawfully Dispensing a Quantity of Darvocet | 03/23/04 | 34 |
| 21 U.S.C. § 841(a)(1), and (b)(1)(C) | Unlawfully Dispensing a Quantity of Hydrocodone, Diazepam, and Fentanyl | 09/23/04 | 36, 44 |
| 21 U.S.C. § 841(a)(1), and (b)(1)(C) | Unlawfully Dispensing a Quantity of Hydrocodone, Fentanyl, and Alprazolam | 04/06/05 | 38, 47 |
| 21 U.S.C. § 841(a)(1), and (b)(1)(C) | Unlawfully Dispensing a Quantity of Hydrocodone and Carisoprodol | 10/28/04 | 46 |
| 21 U.S.C. § 841(a)(1), and (b)(1)(C) | Unlawfully Dispensing a Quantity of Fentanyl and Alprazolam, Resulting in Death | 04/07/05 | 48 |
| 21 U.S.C. § 841(a)(1), and (b)(1)(C) | Unlawfully Dispensing a Quantity of Morphine and Alprazolam | 04/14/05 | 49 |
| 21 U.S.C. § 841(a)(1), and (b)(1)(C) | Unlawfully Dispensing a Quantity of Alprazolam | 04/28/05 | 50 |
| 21 U.S.C. § 841(a)(1), and (b)(1)(C) | Unlawfully Dispensing a Quantity of Fentanyl and Diazepam | 08/03/05 | 52, 53 |
| 21 U.S.C. § 841(a)(1), and (b)(1)(C) | Unlawfully Dispensing a Quantity of Oxycodone, Hydrocodone and Alprazolam | 12/06/05 | 54 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*                                          *Page 3 of 9*
*3:08cr27-001LAC - ROBERT L. IGNASIAK, JR.*

Judgment of Acquittal entered as to counts 5,6,17,19,20,30,35,41-43,51.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:
January 27, 2009

s/*L.A. Collier*
LACEY A. COLLIER
SENIOR UNITED STATES DISTRICT JUDGE

April 27, 2009

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*                                          *Page 3 of 9*
*3:08cr27-001LAC - ROBERT L. IGNASIAK, JR.*

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **120 months as to Counts 1-4 and 7-14; 240 months as to Counts 15,16,18,21-27,29,31-34,36-40,44-47,49,50 and 52-54; 292 months as to Counts 28 and 48. All terms to run concurrently one with the other for a total term of imprisonment of 292 months.**

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Three Years as to Counts 1-4,7-14,15,16,18,21-29,31-34,36-40,44-50,52-54, with all terms to run concurrently one with the other.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon.

Although mandatory drug testing is required pursuant to the Violent Crime Control and Law Enforcement Act of 1994, the drug testing condition is suspended based upon the Court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere

Case 3:08-cr-00027-LC-EMT   Document 259   Filed 04/27/09   Page 6 of 9

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case                                     Page 6 of 9
3:08cr27-001LAC - ROBERT L. IGNASIAK, JR.

     and shall permit confiscation of any contraband observed in plain view of the probation officer;

11. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

The defendant shall provide the probation officer with access to any requested financial information. He shall report the source and amount of personal and/or business income and financial assets to the supervising probation officer as directed.

The defendant shall not transfer or dispose of any asset, or his interest in any asset, without the prior approval of the probation officer unless his financial obligations have been satisfied.

Any unpaid fine balance shall be paid in equal monthly installments to commence three months after release from imprisonment.

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case                                      Page 7 of 9
3:08cr27-001LAC - ROBERT L. IGNASIAK, JR.

Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____          _____
Defendant                                Date


_____          _____
U.S. Probation Officer/Designated Witness    Date

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case                                      Page 7 of 9
3:08cr27-001LAC - ROBERT L. IGNASIAK, JR.

# CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court.  Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717.  Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.  The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

## SUMMARY

| Special Monetary Assessment | Fine | Restitution |
|---|---|---|
| $4,300.00 | $1,000,000.00 | $5,650.00 |

## SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$4,300.00** is imposed and is to be paid immediately. ($100.00 for each of the forty-three counts)

## FINE

A fine in the amount of **$1,000,000.00** is imposed and is to be paid within 90 days of date of judgment.  Interest on the fine is waived.

## RESTITUTION

Restitution is imposed in the amount of $5,650.00 to be paid to the victim, **Dana Easterly**, address to remain confidential.

## FORFEITURE

**The Government to pursue civil forfeiture.**

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*                                                          *Page 9 of 9*
*3:08cr27-001LAC - ROBERT L. IGNASIAK, JR.*

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; (7) penalties in full immediately

Breakdown of fine and other criminal penalties is as follows:

     Fine: $1,000,000.00      SMA: $4,300.00      Restitution: $5,650.00

The $4,300.00 monetary assessment shall be paid immediately. Any payments of the monetary assessment and the fine made while the defendant is incarcerated shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. The remaining balance shall be paid as follows: within 90 days of date of judgment.

The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n). Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Any unpaid fine balance shall be paid in equal monthly installments to commence three months after release from imprisonment.