# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 3:08cr27/LAC

ROBERT L. IGNASIAK,

_____/

## **ORDER**

This Cause is before the Court on Defendant's Motion for Bond Pending Appeal (doc. 227). The Government has filed a response in opposition to the motion (doc. 253).

Pursuant to 18 U.S.C. § 3143(b)(1), a person who has been convicted and sentenced but has filed an appeal shall be detained "unless the judicial officer finds – by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . and that the appeal is not for the purpose of delay and raises a substantial question of law or fact

likely to result in – (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

The Court finds that Defendant is not entitled to release on bond because he has not presented substantial questions of law that are likely to result in success on appeal. The conviction is presumed to be correct, and so the burden is on the Defendant to overcome that presumption by establishing that a substantial question of law exists as to his issues on appeal. *See United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985).[1]  "[A] 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *Id.* at 901. However, it is not sufficient if an issue of substance is raised but is "considered harmless, to have no prejudicial effect, or to have been insufficiently preserved" or if the question is not "so integral to the merits of the conviction on which defendant is to be imprisoned . . . ." *Id.* (quoting *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985)).

---

[1] While the law formerly held a presumption of release and place the burden on the Government to disprove the presumption, The Bail Reform Act of 1984 was passed in an effort to shift to the burden to convicted defendants and thereby curb the availability of release pending appeal. *See Giancola*, 754 F.2d at 900-01.

Upon consideration of the evidence and argument presented, the Court finds that only one of the issues for appeal could even form a colorable claim, and that is whether the two counts in which the jury found that death resulted from the use of the dispensed substances required proof that the controlled substance was the proximate cause of the death. The Court finds, however, that even if Defendant were to prevail on appeal of this issue, it would not result Defendant's sentence being any less under the recommended guidelines. Furthermore, the Court notes that, since Defendant was convicted of a Title 21 Controlled Substance Act offense for which he was sentenced to more than 10 years in prison, pursuant to 18 U.S.C. §§ 3143(b)(2) and 3142(f)(1), detention is mandated unless it is clearly shown that "exceptional reasons" exist which would render his detention inappropriate. *See* 18 U.S.C. § 3145(c). This exception exists only for rare, extraordinary situations, and Court finds no such exceptional circumstances in this case. *See United States v. Miller*, 568 F.Supp.2d 764, 774-76 (E.D. Ky. 2008) (collecting cases).

Finally, although the Court does not rest its decision on a determination of whether the Defendant has shown by clear and convincing evidence that he is not likely to flee, the fact remains that Defendant appears to have access to a substantial sum of money, thus increasing his ability to flee from justice.

The Court therefore holds that none of the issues on appeal raise a substantial enough question so as to likely result in a reversal, new trial, or lesser sentence.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

Defendant's Motion for Bond Pending Appeal (doc. 227) is **DENIED**.

**ORDERED** on this 19th day of May, 2009.

s/ *L.A. Collier*
Lacey A. Collier
Senior United States District Judge
