UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.  Case Nos.: 3:08cr27/LAC/EMT
 3:21cv332/LAC/EMT

ROBERT L. IGNASIAK, JR.,
    Defendant.
_____/

# REPORT AND RECOMMENDATION

Defendant has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence raising two grounds for relief (ECF No. 513).[1] Defendant claims his "sentence is unconstitutional"[2] due to deficient advice provided by counsel regarding the Government's burden of proof, failing which he would have insisted on proceeding to trial instead of entering a plea (*id.* at 13–14). The court ordered the Government to respond, and it did so by filing a Motion to Dismiss or Stay Defendant's Motion to Vacate Sentence due to a pending appeal (ECF No. 515). After review of the record, the undersigned concludes that no response from Defendant is necessary and the Government's motion should be denied.

---

[1] The claims raised in the instant motion pertain only to Case No. 3:08cr27, and not Case No. 3:13cr95. Therefore, the court has not directed the clerk to file the § 2255 motion in both criminal cases, as was previously done.

[2] It is evident that in seeking to vacate his sentence, Defendant is challenging the constitutionality of his underlying convictions.

## PROCEDURAL HISTORY

In February of 2009, Defendant was sentenced to a total term of 292 months' imprisonment after a jury convicted him of forty-three counts of health care fraud and unlawful sale, distribution, or dispensing of controlled substances (ECF No. 212, 259). The Eleventh Circuit reversed his convictions based on a Confrontation Clause violation (ECF No. 330).

A second trial that had been set for December of 2012 was continued after Defendant absconded (ECF No. 396). Following Defendant's arrest, trial was reset for December of 2013 (ECF No. 403), but ultimately in October of 2013 Defendant entered a plea pursuant to a written plea agreement and statement of facts (ECF Nos. 407–409).[3] In January of 2014, the court sentenced him to a total term of 240 months' imprisonment in this case (ECF No. 418–419). Defendant did not appeal but timely filed a § 2255 motion in both of his criminal cases alleging, among other things, that counsel was constitutionally ineffective because he failed to file an appeal (ECF No. 424). The undersigned conducted an evidentiary hearing in November of 2017 and subsequently recommended that Defendant be permitted to pursue a belated appeal (ECF No. 452). The district court adopted the

---

[3] Defendant simultaneously entered a plea of guilty in Case No. 3:13cr95, which charged him with failure to appear. He was sentenced to a term of 120 months' imprisonment, to run consecutively to the sentence imposed in this case (see Case No. 3:13cr95, ECF No. 27).

recommendation and entered a third amended judgment, after which Defendant appealed (ECF Nos. 458, 459, 462). The Eleventh Circuit affirmed Defendant's direct appeal of his convictions and sentences on March 30, 2020 (ECF No. 489).

Shortly thereafter, Defendant filed a Motion to Reduce Sentence or for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 491). The district court denied the motion on December 21, 2020 (ECF No. 507). Defendant appealed the denial of his motion (ECF No. 508), and the appeal is pending.

In denying Defendant's motion for a sentence reduction or compassionate release, the court noted the Government's position that the court did not have jurisdiction to decide the motion because Defendant had filed a petition for certiorari. The court stated, however, that "the filing of an appeal generally divests the district court of jurisdiction over those aspects of the case that are the subject of the appeal, *unless the matter before the Court does not affect the question(s) presented on appeal*"[4] (ECF No. 507 at 2–3) (emphasis added). The court found it proper to consider Defendant's motion because "the matter presently before the Court is substantially different from the matter presented in Defendant's motion to vacate, though both may seek the same form of relief" (ECF No. 507 at 3) (citing

---

[4] The court cited *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 402, 74 L. Ed. 2d 225 (1982); *Doe, 1–13 ex rel. Doe Sr. 1–13 v. Bush*, 261 F. 3d 1037, 1064–65, (11th Cir. 2001); *Shewchun v. United States*, 797 F.2d 941, 942 (11th Cir. 1986).

Case Nos.: 3:08cr27/LAC/EMT; 3:21cv332/LAC/EMT

*Berman v. United States*, 302 U.S. 211, 213 (1937)). The same principles apply to the Government's motion to dismiss the instant § 2255 motion due to Defendant's pending appeal of the denial of his motion for compassionate release.

In its motion to dismiss, the Government claims, citing case law discussing direct appeals, that this court does not have jurisdiction to consider Defendant's § 2255 motion, and it should be dismissed (*see* ECF No. 515 at 2). Alternatively, the Government seeks a stay of the motion during the pendency of the appeal. The undersigned is not persuaded that either remedy is appropriate under the circumstances of this case.

Clearly, the matter pending on appeal does not affect the questions presented in the § 2255 motion. A favorable resolution of Defendant's challenge to the court's denial of compassionate release would not impact the validity of Defendant's *conviction*. At best, it would affect only his custodial status. As noted above, although Defendant states that his sentence is unconstitutional, his actual challenge is not to the length of the sentence but rather to the conviction itself. He asserts that had he understood the Government's burden of proof, he would have insisted on going to trial. For example, he claims trial counsel failed to inform him that the Government would have to prove that the "claims submitted to Medicaid and Blue Cross were false" and that he "unlawfully dispensed controlled substances" (ECF

No. 513 at 13–14).  Implicit in these arguments is his position that he would have avoided conviction because he was innocent of the charges (*id*. at 15).

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.  The Motion to Dismiss or Stay Defendant's Motion to Vacate Sentence (ECF No. 515) be **DENIED**.

2.  The Government be directed to respond to Defendant's § 2255 motion within **thirty (30) days** of the date an order adopting this recommendation is entered.

At Pensacola, Florida, this 23rd day of March 2021.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**  An objecting party must serve a copy of its objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos.: 3:08cr27/LAC/EMT; 3:21cv332/LAC/EMT